UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KELVIN WELLS

CIVIL ACTION

VERSUS

VERSUS 07-889-RET-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, June 17, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KELVIN WELLS

                                        CIVIL ACTION

VERSUS

                                        NUMBER 07-889-RET-SCR

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION


**MAGISTRATE JUDGE'S REPORT**

Plaintiff Kelvin Wells brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability and supplemental security income (SSI) benefits.

For the reasons which follow, the magistrate judge recommends that the final decision of the Commissioner be upheld.


**Background**

Plaintiff was 44 years of age at the time of the ALJ's decision.[1]  Plaintiff graduated from high school, and he had three years of college and training in surgical technology.[2]  After college the plaintiff was on reserve and active duty in the United States military from approximately 1985 until 1994.  Plaintiff was discharged from the military and worked in various jobs, the last

---

[1] AR pp. 185, 869.  Under the regulations, individuals 44 years of age are classified as younger persons.  20 C.F.R. §§ 404.1563(c) and 416.963(c).

[2] AR pp. 201, 871-73.

one being employment as a cylinder and gas processor.[3]  In November 2000, the plaintiff applied for disability and SSI benefits, claiming that beginning in June 1999 he was no longer able to work because of a back injury and resulting pain and limitations.[4] Plaintiff's applications were denied and the plaintiff filed a request for a hearing before an administrative law judge (ALJ).[5] Since the plaintiff filed his application for benefits in 2000, three ALJ hearings and decisions have been issued.[6]  The initial ALJ hearing was held on October 25, 2001.[7]  After this hearing, the ALJ rendered a decision that the plaintiff was not disabled.  The ALJ determined at the fourth step of the disability analysis that the plaintiff retained the residual functional capacity (RFC) to perform past relevant work as an educator's aide.[8]  Plaintiff successfully appealed this decision to the Appeals Council, which granted the plaintiff's request for review and remanded the case to the ALJ for a new hearing.  The Appeals Council concluded that the

---

[3] AR pp. 37-39, 83-87, 195-96, 210-17, 872-76.

[4] AR pp. 185-87; 560-62.

[5] AR pp. 104, 126, 564.

[6] The administrative record in this case is over 900 pages. The entire record, including all of the evidence, reports, transcripts, decisions and other documents has been reviewed.  The ALJ decision issued May 25, 2007 also contained a procedural history of the plaintiff's case.  AR p. 620.

[7] AR pp. 31-77.

[8] ALJ decision issued December 18, 2001 by ALJ Charles W. Kunderer.  AR 105-118.

educator's aide job relied on by the ALJ did not represent substantial gainful activity.  The Appeals Council order stated further that the ALJ did not correctly evaluate the plaintiff's alleged mental impairment.

On remand from the Appeals Council another ALJ hearing was conducted on March 25, 2003.[9]  A month later the ALJ rendered a second unfavorable decision.  The ALJ found that the plaintiff's alleged mental impairment was not a severe impairment under the *Stone v. Heckler* standard.[10]  The ALJ determined that the plaintiff had a residual functional capacity for a full range of light work. With this residual functional capacity, the plaintiff could not do his former job as a gas processor.  However, at the fifth and final step of the disability analysis, the ALJ found that the plaintiff was not disabled.[11]  The Appeals Council upheld the second ALJ's decision.

Plaintiff filed a petition for judicial review in this court.[12] After filing his answer, the Commissioner acknowledged reversible error with regard to the analysis of the plaintiff's mental impairment.  Ultimately, the court granted the Commissioner's motion to remand under sentence four of § 405(g).  The ALJ's

---

[9] AR pp. 78-103.

[10] 752 F.2d 1099 (5th Cir. 1985); AR p. 16.

[11] AR pp. 27-28.

[12] *Wells v. Commissioner of Social Security*, CV 03-485-SCR.

decision was reversed and the case remanded to the Commissioner to conduct the administrative proceedings necessary to reevaluate the plaintiff's claim under the proper legal standards.[13]

Plaintiff appealed the final judgment in CV 03-485 to the Fifth Circuit Court of Appeals on two grounds of error: (1) the district court should have awarded benefits, and (2) the Commissioner should be sanctioned for abusive litigation practices and violation of equal protection and due process.  The Fifth Circuit affirmed this court's judgment and found no basis in the record to sanction the Commissioner or for an award of benefits rather than a remand.[14]

After the Fifth Circuit decision the plaintiff's application for benefits was once again before the Commissioner.  Additional evidence was obtained and a third ALJ hearing was held on January 8, 2007.[15]  The ALJ issued an unfavorable decision on May 25, 2007.  Based on all the evidence of record and evidence obtained at the hearing from the plaintiff, a medical expert and a vocational expert, the ALJ went through the five step disability analysis and made the following findings: (1) the plaintiff had not engaged in substantial gainful activity since his alleged onset date of June 3, 1999 (step one); (2) the plaintiff's combination of severe

---

[13] *Id.*, record document numbers 22-31.

[14] *Id.*, record document number 41.

[15] AR pp. 859-903.

4

impairments consisted of lumbar disc disease with herniations at L4-5 and L5-S1 and a personality disorder (step two);[16] (3) the plaintiff's impairments did not meet or medically equal any Listed impairment (step three); (4) the plaintiff has a residual functional capacity to lift and carry/push and pull, ten pounds frequently and twenty pounds occasionally, stand and walk six hours in a workday and sit six hours in a workday, and is limited to work requiring no significant interaction with the general public and working more with things than people;[17] (5) the plaintiff's residual functional capacity prevents him from performing any of his past relevant work (step four),[18] and (6) considering the plaintiff's age, education, work experience, residual functional capacity and the testimony of the vocational expert, the plaintiff was capable of making a successful adjustment to alternative work that exists in significant numbers in the national economy (step five).[19]

Plaintiff requested review of the ALJ's decision by the

---

[16] The ALJ found that the plaintiff's history of prostatitis was not a severe impairment under *Stone v. Heckler*.

[17] The residual functional capacity determination is the foundation of steps four and five of the sequential disability evaluation process. 20 C.F.R. §§ 404.1520(e) and 416.920(e).

[18] The ALJ listed the following past employment: cylinder processor, commercial cleaner, surgical technician and corrections officer. AR p. 630.

[19] AR pp. 623-32.

Appeals Council, which denied the request on November 9, 2007.[20] Plaintiff filed his petition for judicial review on November 21, 2007.   The Commissioner's decision denying the plaintiff's application for disability and SSI benefits is final and appealable under 42 U.S.C. § 405(g).

## Standard of Review

Under § 405(g), judicial review of a final decision of the Commissioner denying disability and SSI benefits is limited to two inquiries:  (1) whether substantial evidence exists in the record as a whole to support the Commissioner's findings, and (2) whether the Commissioner's final decision applies the relevant legal standards.  *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001).  If substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 1422 (1971); *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).  Substantial evidence is that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion.  It is more than a mere scintilla and less than a preponderance.  *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); *Carey v. Apfel*, 230 F.3d 131 at 135.  A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision.  *Boyd v. Apfel*,

---

[20] AR pp. 565, 576-80.

6

239 F.3d 698, 704 (5th Cir. 2001).  In applying the substantial evidence standard the court must review the entire record as whole, but may not reweigh the evidence, try the issues de novo, or substitute its judgment for that of the Commissioner, even if the evidence weighs against the Commissioner's decision. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).  Conflicts in the evidence are for the Commissioner and not the court to resolve. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).

If the Commissioner fails to apply the correct legal standards, or provide a reviewing court with a sufficient basis to determine that the correct legal principles were followed, it is grounds for reversal. *Bradley v.* Bowen, 809 F.2d 1054, 1057 (5th Cir. 1981); Western *v. Harris*, 633 F.2d 1204, 1206 (5th Cir. 1981); *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982).

A claimant has the burden of proving that he or she suffers from a disability, which is defined as a medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1505 and 416.905.  The regulations require the ALJ to apply a five step sequential evaluation to each claim for disability and SSI benefits.  20 C.F.R. §§ 404.1520 and 416.920.  In the five step sequence used to evaluate claims, the Commissioner must determine whether: (1) the claimant is currently engaged in substantial gainful  activity, (2) the claimant has a

severe impairment or combination of impairments, (3) the impairment(s) meets or equals the severity of a Listing impairment in Appendix 1 of the regulations, (4) the impairment(s) prevents the claimant from performing past relevant work, and (5) the impairment(s) prevents the claimant from doing any other work. *Masterson*, 309 F.3d at 271.

Listing impairments are descriptions of various physical and mental illnesses and abnormalities generally characterized by the body system they affect.  Each impairment is defined in terms of several specific medical signs, symptoms, or laboratory test results.  For a claimant to show that his impairment matches a Listing he must demonstrate that it meets all of the medical criteria specified in the listing.  An impairment that exhibits only some of the criteria, no matter how severely, does not qualify.  *Sullivan v. Zebley*, 493 U.S. 521, 529-32, 110 S.Ct. 885, 891-92 (1990); 20 C.F.R. §§ 404.1525 and 416.925.  To show that his impairments are equivalent to a Listing impairment, the claimant must present medical findings equal in severity to all the criteria for the impairment most like his impairment.  *Id.;* 20 C.F.R. §§ 404.1526 and 416.926.

At the fourth step the Commissioner analyzes whether the claimant can do any of his past relevant work.  The burden of proving disability rests on the claimant through the first four steps.  If the claimant shows at step four that he is no longer

capable of performing any of his past relevant work, the burden shifts to the Commissioner at step five to show that the claimant is able to engage in some type of alternative work that exists in significant numbers in the national economy. *Myers*, *supra*. If the Commissioner meets this burden the claimant must then show that he cannot in fact perform that work. *Boyd*, 239 F.3d at 705.

## Analysis

### A.    Plaintiff's Claims of Error by the ALJ

Plaintiff argued that this court should reverse the most recent decision of the Commissioner which again denied his claim for disability and SSI benefits. Plaintiff claimed that the ALJ and Commissioner committed the following reversible errors: (1) failed to consider all the medications the plaintiff takes or their side effects, and failed to inform the vocational expert of this evidence; (2) ignored some of the plaintiff's medical conditions and failed to properly analyze his physical and mental conditions as they relate to the ability to perform substantial gainful activity in the workplace; (3) conducted a full review and rehearing that was not authorized by the district court or Court of Appeals, and failed to address the areas included in the court's order of remand in CV 03-485; (4) failed to prove that there are other jobs the plaintiff is able to do; and (5) acted in bad faith and denied the plaintiff due process and equal protection under the law.

A careful review of the entire record shows that the plaintiff's claims of error are not supported by the record. Neither his arguments nor the evidence cited by the plaintiff are a basis for reversing the Commissioner's decision or awarding the plaintiff benefits.  There is substantial evidence in the record to support the findings of the Commissioner, therefore, under § 405(g) the Commissioner's decision must be upheld.

### 1. Medications and Side Effects

On page 11 of his written decision the ALJ specifically addressed the lists of medications submitted by the plaintiff.[21] The ALJ considered the medication lists and the plaintiff's testimony on the question of side effects.  The ALJ stated that the records did not include any notations or complaints of side effects, and no evidence that any side effects of medication would further diminish the plaintiff's ability to perform work-related activities.[22] Because the medical evidence/reports did not contain any information that the plaintiff suffered from side effects, it was not improper for the ALJ to discredit the plaintiff's testimony about side effects, or to exclude this information from his questioning of the vocational expert.

---

[21] AR p. 630.

[22] It is logical to assume that if a claimant was suffering significantly from any side effects, the claimant would complain to his treating physician.  *See*, *Salazar v. Chater*, 74 F.3d 1236 (5th Cir. 1995)(unpublished).

## 2. Other Medical Conditions

Plaintiff contended that along with his back problems and mental impairment, he has other diagnosed conditions that the ALJ did not consider in determining whether he could perform substantial gainful activity.  Plaintiff claimed that the following conditions were ignored:  prostate malignancy, congestive heart failure, hypertension, obesity, retractive gall bladder and poor liver function.  With the exception of hypertension and prostatitis, a review of the administrative record does not reveal any evidence that the plaintiff was diagnosed with or treated for these conditions during the relevant time period.[23]  The ALJ specifically addressed the plaintiff's history of treatment for prostatitis in his decision, and found that it was not a severe impairment.  Although some of the medical records and lists of medications showed that the plaintiff took medication for hypertension, there is no evidence in the record that the condition or prescribed medication caused any effects or limitations on the plaintiff's ability to perform daily or work-related activities.  Therefore, the argument that the ALJ failed to consider some of the plaintiff's medical conditions in the disability analysis is without merit.

---

[23] The relevant time period begins with the date the plaintiff filed his application for benefits and extends through the date of the ALJ's decision.  As to the plaintiff's claim for disability benefits under Title II, the plaintiff had to establish that his disability began before the expiration of his insured status, which in the plaintiff's case was December 1, 2004.

### 3. Compliance with Court Orders

Plaintiff argued that the full review and rehearing of his disability claim was not authorized by this court or the Fifth Circuit Court of Appeals.  Plaintiff also argued that the most recent decision denying him benefits failed to address the areas included in this court's remand order in CV 03-485.  Again, the record establishes that these arguments are unsupported.

In this court's ruling on the plaintiff's appeal and the Commissioner's Motion to Remand in CV 03-485, the final decision of the Commissioner was overturned[24] and the plaintiff's claim for benefits was remanded for the purposes cited in the Commissioner's motion.  The actions cited by the Commissioner were: (1) to obtain evidence and conduct further evaluation of the severity of the plaintiff's mental impairment, including a consultative mental status evaluation, testing, and medical expert testimony, and (2) to consider the evidence and findings obtained as a result of the reevaluation of the plaintiff's condition, and issue a separate disability determination and an additional opinion.[25]  Plaintiff appealed the ruling and final judgment insofar as this court determined that the plaintiff's request for remand for an immediate

---

[24]  The final decision reversed in CV 03-485 was the ALJ decision issued by ALJ Juan C. Marrero on April 23, 2003.  AR pp. 14-28.

[25]  CV 03-485, record document number 30; AR pp. 696-706.

award of benefits could not be granted.  The Fifth Circuit affirmed the this court's determination that conflicts in the evidence and unresolved issues precluded an immediate award of benefits.  Thus, the Fifth Circuit's decision maintained the ruling and judgment in CV 03-485.

The record reflects that on remand this court's ruling and judgment were implemented by the Commissioner.  Medical and vocational expert testimony and a consultative mental status evaluation were obtained.  A new hearing was held and all the evidence was reviewed by the ALJ, who issued a new disability determination and a written decision which addressed all the areas in this court's order of remand.  There is nothing in the administrative proceedings on remand or the new disability decision that is inconsistent with or contrary to the orders of this court and Court of Appeals.

### 4. Proof the Plaintiff Could Perform Other Work

Because the ALJ found at the fourth step that the plaintiff's combination of impairments and residual functional capacity would prevent him from doing any of his past relevant work, the ALJ proceeded to the fifth step to analyze whether the plaintiff could do "other work" existing in the national economy.  At the fifth and final step of the disability analysis the critical inquiry is whether, given the plaintiff's age, education, work history and residual functional capacity, the plaintiff is able to adjust to

other work that exists in significant numbers in the national economy. The ALJ determined that the plaintiff had the ability to do other work as that term is defined in the regulations.[26] This finding is supported by substantial evidence.

The ALJ found that the plaintiff had ability to do the exertional demands of light work.[27] However, the plaintiff also had nonexertional limitations that limited his ability to work - an inability to perform work that requires significant interaction with the general public, and a requirement that the work involve

---

[26] Work exists in the national economy when it exists in significant numbers either in the region where the claimant lives or in several other regions of the country; when there is a significant number of jobs, in one or more occupations, having requirements which the claimant is able to meet with his physical or mental abilities and qualifications.
It does not matter whether work exists in the immediate area in which the claimant lives, a specific job vacancy exists for the claimant, or the claimant would be hired if he applied for work. However, isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where the claimant lives are not considered work which exists in the national economy. 20 C.F.R. § 404.1566(a)-(c) and § 416.966(a)-(c).

[27] The regulations state that light work is generally defined as follows:
> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
20 C.F.R. § 404.1567(b) and § 416.967(b).

14

working more with things than with people.  The ALJ correctly
obtained evidence from vocational expert Thomas Mungall.  His
testimony supported the ALJ's conclusion at the fifth step.[28]  A
review of the hearing testimony shows that the ALJ included his
residual functional capacity finding, which was supported by
substantial evidence, in the question he presented to the expert.[29]
In response, Mungall identified occupations that exist in
significant numbers in the national economy, namely,
housekeeper/cleaner and assembler.[30]  The expert evidence complied
with the standards set forth in *Bowling v. Shalala*.  This
vocational testimony is substantial evidence supporting the ALJ's
conclusion that the plaintiff is not disabled because he can do
other work as defined in the regulations.  Thus, the plaintiff's
claim of error at the final step of the disability analysis is

---

[28] It is well established that if a claimant such as the
plaintiff has nonexertional limitations, the ALJ is required to
obtain vocational expert testimony to support his findings at step
five.  *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994); *Fields
v. Bowen*, 805 F.2d 1168, 1170 (5th Cir. 1986); *Vaughn v. Shalala*,
58 F.3d 129, 132 (5th Cir. 1995).

[29] The ALJ analyzed all the evidence relevant to the RFC
finding in his written decision, and explained his reasons for
weighing the evaluations and opinions contained in the record.  AR
pp. 623-30.  It is the role of the ALJ to weigh the evidence and
his findings must be upheld if supported by substantial evidence.
*See*, *Greenspan*, 38 F.3d at 240.  A review of the record establishes
that the ALJ's RFC finding is supported by substantial evidence:
evaluations/opinions of Dr. Douglas Davidson and Dr. Caxton Opere
(AR pp. 305-16); evaluation/opinions of Dr. Larry Wade, Thomas
Fain, Ph.D., Jimmy D. Cole, psychologist(AR pp. 270-75, 504-12,
842-48, 862-69).

[30] AR pp. 891-94.

unsupported.

Finally, plaintiff cited in his memoranda the decision in *Singletary v. Bowen*.[31] The principles of *Singletary* must be applied where a claimant has a long, extensive history of severe mental illness/impairments, combined with the ability to work only sporadically and intermittently. In such cases, the ALJ is required to analyze and determine whether the claimant is able to maintain or sustain regular employment for a significant period of time.[32] The administrative record does not show that the plaintiff has the combination of a long history of extensive, severe mental impairments and sporadic employment which warrants a *Singletary* analysis. Therefore, to the extent the plaintiff contends that the ALJ and the Commissioner committed reversible error by not applying *Singletary* in the analysis of whether he could perform other work, that argument is also not supported by the record.

The record evidence demonstrates the plaintiff has a severe back and mental impairment and takes medication for other conditions, but these facts do not establish that the plaintiff is disabled and entitled to benefits.[33] Furthermore, on judicial

_____

[31] 798 F.2d 818, 822 (Cir. 1986).

[32] *Id.; Leidler v. Sullivan*, 885 F.2d 291, 292-93 (5th Cir. 1989).

[33] Impairments and limitations and/or restrictions alone do not establish disability. A claimant is disabled only if he is incapable of engaging in any substantial gainful activity. *See*, *Milam v. Bowen*, 782 F.2d 1284, 1286 (5th Cir. 1986).

16

review it is not necessary that all of the evidence support the ALJ's conclusions.  Even if there is some evidence in the record which supports the plaintiff's position, this does not require reversal of the Commissioner's decision.  As long as the Commissioner's decision is supported by substantial evidence it must be affirmed.[34]  A review of the administrative record as a whole establishes that this amount of evidence exists here, and that the ALJ did not err in his analysis of the plaintiff's claim for benefits.  Under § 405(g) the Commissioner's decision should be affirmed.

### 5. Denial of Due Process and Equal Protection

Plaintiff claimed that the failures in the administrative process and the entire record demonstrates that the ALJ and the Commissioner acted in bad faith and denied him due process and equal protection.  Plaintiff's argument is not supported by the record.

The Commissioner has twice acknowledged mistakes in evaluating the plaintiff's claim and requested remands to correct them.  These remands resulted in long delays in resolving the plaintiff's case. The Commissioner's acknowledgment of error on two occasions demonstrates an effort to correctly evaluate the plaintiff's claim for benefits rather than intentional or bad faith conduct.  The

---

[34] *Carroll v. Dept. Health, Ed. and Welfare*, 470 F.2d 252, 254 n. 4 (5th Cir. 1972); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).

17

errors and long delays in resolving the plaintiff's claim are very regrettable.[35]   Nevertheless, the record supports the conclusion that the Commissioner acted at each step in the process to properly evaluate the plaintiff's claim under the law and regulations.  The record simply does not support a finding that the Commissioner's errors or actions were intentional or in bad faith.

Nor is there any indication in the record that the plaintiff's rights to due process and equal protection were violated.  For example, the plaintiff did not cite any evidence that he was deprived of some process set forth in the Social Security regulations, or that he was treated differently or less favorably than other similarly situated claimants.  Plaintiff's conclusory assertion that his constitutional rights have been violated does not present a colorable constitutional claim or otherwise support an award of benefits.

In its June 2005 ruling on the plaintiff's appeal in CV 03-485, the Fifth Circuit found that the record did not reflect any basis for imposing sanctions on the Commissioner for abusive litigation practices, or violating the plaintiff's rights to equal

---

[35] The administrative delays were regrettable, but the claimant failed to show that the delays in question justified an otherwise unwarranted finding of disability.  "There are no deadlines for resolving Social Security cases." *See*, *Jimenez v. Halter*, 251 F.3d 156 (5th Cir. 2001)(unpublished), citing, *Heckler v. Day*, 467 U.S. 104, 113-15, 104 S.Ct. 2249 (1984).

protection and due process.[36]   Likewise, nothing in the record after the Fifth Circuit's ruling reflects any basis for finding that the Commissioner engaged in either unconstitutional or bad faith conduct.

**B.   Additional Evidence Submitted by the Plaintiff**

Plaintiff moved to enter additional evidence into the record to support his claim for benefits.[37]   Plaintiff submitted the following documents: (1) an undated letter to the Board of Veterans' Appeals from Sgt. Drawhorn Jr.; (2) copy of an undated photograph; (3) June 9, 2004 loan discharge application; (4) copy of May 28, 2004 judgment in Civil Action No. 03-485-D-1; (5) December 12, 2002 report of Dr. Thomas Campanella; (6) ultrasound exam dated January 25, 2008; (7) list of medications printed May 21, 2007; (8)letters to plaintiff from Department of Veterans Affairs dated December 29 and October 29, 2008; (9) October 10, 2008 decision of Board of Veterans' Appeals;[38] (10) an undated veteran's claim for aid and attendance and/or housebound benefits; (11) lists of medications printed on December 5 and May 21, 2007. Plaintiff also attached some additional documents to the two responses he filed in opposition to the defendant's memoranda -

---

[36] CV 03-485, record document number 41.

[37] Record document number 13.

[38] The decision submitted with the plaintiff's motion was missing the first page. Plaintiff's reply memorandum attached what appears to be the first page of the decision, with a date stamp of October 10, 2008.

additional pages from the veterans' appeal decision, and documents related to the plaintiff's military training and experience.[39]

Plaintiff moved to supplement the administrative record with additional documents for the court to consider in its judicial review of the final administrative decision.  Defendant opposed the addition or consideration of any more evidence in the record, and opposed a remand for the Commissioner to consider any new evidence. Defendant argued that the documents submitted by the plaintiff are either duplicative, or do not satisfy the standards that must be met for a remand under the second clause of sentence six of 42 U.S.C. § 405(g).

It is well established that in cases brought under §405(g), evidence external to the administrative record is generally inadmissible, and on judicial review the court cannot consider any evidence that is not already a part of the administrative record. *Lovett v. Schweiker*, 667 F.2d 1,2 (5th Cir. 1981); *Flores v. Heckler*, 755 F.2d 401, 403 (5th Cir. 1985); *Haywood v. Sullivan*, 888 F.3d 1463, 1471 (5th Cir. 1989).  It is equally well established that when such evidence is submitted by a party on judicial review, the court considers the evidence only to determine whether remand is appropriate under sentence six of § 405(g).  The applicable portion of sentence six of § 405(g) provides, in pertinent part, that the court "may at any time order additional

---

[39] Record document numbers 12 and 15.

evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." Under established Fifth Circuit jurisprudence, in order to justify such a remand, the evidence must be (1) new, (2)material, and (3) good cause must be shown for the failure to incorporate the evidence into the record in the original proceeding. *Latham v. Shalala*, 36 F.3d 482, 483 (5th Cir. 1994); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).

Implicit in the materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later acquired disability, or the subsequent deterioration of a previously nondisabling condition. *Haywood v. Sullivan*, 888 F.2d 1463, 1471-72 (5th Cir. 1989); *Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). For new evidence to be material there also must exist the reasonable possibility that it would have changed the outcome of the Commissioner's determination. *Latham*, 36 F.3d at 483.

In light of these established legal principles, the court cannot admit and consider on judicial review any evidence submitted by the plaintiff which is not already contained in the administrative record. The court can only review the evidence and determine whether any of it is new and material, and whether good

cause exists for the failure to incorporate it into the record in the original proceeding.  Plaintiff has not shown that any of the documents submitted satisfy the standards necessary to support a remand for consideration of new and material evidence under sentence six.

The judgment in the prior civil action and the 2002 report of Dr. Campanella are already in the administrative record.[40]  As to the 2004 loan application and undated documents which might have originated before the ALJ's decision, the plaintiff did not offer any explanation or otherwise show good cause for not submitting the evidence into the record during the administrative proceedings. The remaining documents are all dated after the Commissioner's final decision that is the subject of this appeal.  This new evidence could not have been included in the administrative record. However, plaintiff has not established how the evidence is relevant to the time period for which he was denied benefits, or that there is a reasonable possibility that any of the evidence would have changed the outcome of the Commissioner's decision.[41]  For example, the 2008 ultrasound test is not related to any of the conditions that are the basis of the plaintiff's claim for benefits in this case.  The records that relate to the plaintiff's military service

---

[40] AR pp. 634, 498, 499.

[41] This same conclusion would apply to any of the undated documents which might have originated after the administrative proceedings.

and claim for veteran's benefits merely establish that the plaintiff's claim is still being considered by the Department of Veteran's Affairs. At this time there is no basis to conclude that there is any decision on the plaintiff's claim for veteran's compensation that is relevant to the plaintiff's claim for Social Security benefits.

In summary, on judicial review the court cannot consider the supplemental evidence submitted by the plaintiff, and the evidence does not satisfy the requirements for a "new evidence" remand under sentence six of § 405(g).

## Recommendation

It is the recommendation of the magistrate judge that under sentence four of 42 U.S.C. § 405(g) the final decision of the Commissioner of Social Security denying the claim of Kelvin Wells, for disability and supplemental security income (SSI) benefits be affirmed, and this action be dismissed.

Baton Rouge, Louisiana, June 17, 2009.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE